UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

LAWRENCE FELTZIN,

    Plaintiff,

v.

OCEAN PALM PLAZA, LLC,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, LAWRENCE FELTZIN, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues OCEAN PALM PLAZA, LLC, (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, LAWRENCE FELTZIN, is an individual over eighteen years of age, with a residence in Palm Beach County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, OCEAN PALM PLAZA, LLC, owned a place of

public accommodation with a commercial shopping plaza at 1600 North Federal Highway Boynton Beach, Florida, 33435 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida.

6. At all times material, Defendant, OCEAN PALM PLAZA, LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Delray Beach, Florida.

7. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Palm Beach County, Florida, Defendant regularly conducts business within Palm Beach County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Palm Beach County, Florida.

FACTUAL ALLEGATIONS

8. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, LAWRENCE FELTZIN, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, LAWRENCE FELTZIN, is paralyzed and is substantially

limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. He requires the use of a wheelchair to ambulate and uses a manual wheelchair.

12. Defendant, OCEAN PALM PLAZA, LLC, owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, and the interior of the commercial plaza building located in West Palm Beach, Florida, that is the subject of this Action.

13. Mr. Feltzin is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

14. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Feltzin is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

15. The subject Commercial Property is open to the public and is located in Palm Beach County, Florida. The individual Plaintiff visits the Commercial Property, to include visits to the Commercial Property on or about September 19, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there because it is less than nine (9) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within four (4) months of the filing of this Complaint in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

16. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

17. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, LAWRENCE FELTZIN, and others similarly situated.

18. Defendant, OCEAN PALM PLAZA, LLC, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, OCEAN PALM PLAZA, LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, OCEAN PALM PLAZA, LLC, owns and/or operates is the Commercial Property and Business is located at 1600 North Federal Highway, Boynton Beach, Florida, 33435.

19. Plaintiff, LAWRENCE FELTZIN, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the

Commercial Property without fear of discrimination.

20. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I-ADA VIOLATIONS

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, OCEAN PALM PLAZA, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Parking spaces throughout Ocean Palm Plaza 1600 contain slopes beyond limits within parking spaces and lack compliant accessible routes from accessible parking, violating Sections 402 and 502 of the 2010 Accessibility Standards. These conditions during numerous visits prevented Mr. Feltzin from unloading from his vehicle freely and safely.

ii. Ocean Palm Plaza 1600 fails to provide the required amount of compliant accessible parking spaces, violating Section 502 of the 2010 Accessibility Standards. The lack of accessible parking makes Mr. Feltzin park in open areas so he can unload freely and safely from his vehicle.

iii. The curb ramps provided to access stores at Ocean Palm Plaza 1600 are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain excessive

    slopes and protrude into access aisles, violating Sections 402 and 406 of the 2010 Accessibility Standards. These conditions are unsafe for Mr. Feltzin when he accesses the curb ramps.

iv. The exterior accessible route from parking spaces and throughout Ocean Palm Plaza 1600 fail to provide a safe accessible route, violating Section 402 of the 2010 Accessibility Standards. Mr. Feltzin was forced to travel through the abrupt changes of level and/or slopes and in the traffic area of the center to get to the curb ramp.

v. Ocean Palm Plaza 1600 fails to provide a safe accessible route to the adjacent bus stop, street, or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. The current route leads to improper ramps and curb ramps. The lack of a compliant accessible route prevents the option of public transportation for Mr. Feltzin.

**Alfa Pizzeria**

  B. <u>Access to Goods and Services</u>

i. The interior accessible route at Alfa Pizzeria is impeded by goods and services and creates an inadequate accessible route due to a lack of maneuvering space, violating Section 402 of the 2010 Accessibility Standards.

ii. Alfa Pizzeria lacks interior and exterior dining tables, violating Section 902 of the 2010 Accessibility Standards.

  C. <u>Restrooms</u>

i. Restrooms at Alfa Pizzeria were reported to be unsafe for use by the Plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls, improper grab bars and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

ii. Restrooms at Alfa Pizzeria provide dispensers beyond reach of wheelchair users and are inaccessible to the Plaintiff, violating Section 308 of the 2010 Accessibility Standards.

iii. Lavatories at Alfa Pizzeria lack knee clearance and/or insulated pipe wrap accessibility preventing the Plaintiff from freely accessing the lavatory, violating Section 606 of the 2010 Accessibility Standards.

iv. Alfa Pizzeria provides restrooms that contain improper centerlines for the water closets, lack proper grab bars and/or flush controls mounted on the wall side, violating Sections 601 and 604 of the 2010 Accessibility Standards. Mr. Feltzin was unable to access flush controls in some locations while in the restrooms due to improper location.

v. Using restrooms doors at Alfa Pizzeria is impeded by round doorknobs, improper signage and/or a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Stored goods and/or maneuvering space impede Mr. Feltzin from easily accessing doors.

**Bon Zouti Restaurant**

D. Access to Goods and Services

i. Payment counters and other accessible elements are mounted beyond the reach of Mr. Feltzin, violating Sections 308 and 904 of the 2010 Accessibility Standards.

ii. Bon Zouti Restaurant lacks interior and exterior dining tables, violating Section 902 of the 2010 Accessibility Standards.

E. Restrooms

i. Restrooms at Bon Zouti Restaurant were reported to be unsafe for use by the Plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls, improper

  grab bars and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

ii. Restrooms at Bon Zouti Restaurant provide dispensers beyond reach of wheelchair users and are inaccessible to the Plaintiff, violating Section 308 of the 2010 Accessibility Standards.

iii. Lavatories at Bon Zouti Restaurant lack knee clearance and/or insulated pipe wrap accessibility preventing the Plaintiff from freely accessing the lavatory, violating Section 606 of the 2010 Accessibility Standards.

iv. Using restrooms doors at Bon Zouti Restaurant is impeded by round doorknobs, improper signage and/or a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards.  Stored goods and/or maneuvering space impede Mr. Feltzin from easily accessing doors.

**The Seed**

F. Access to Goods and Services

i. The seed. Coffee + Juice Bar lacks interior and exterior dining tables, violating Section 902 of the 2010 Accessibility Standards.

ii. The interior accessible route at the seed. Coffee + Juice Bar is impeded by goods and services and creates an inadequate accessible route due to a lack of maneuvering space, violating Section 402 of the 2010 Accessibility Standards.

**RELIEF SOUGHT AND THE BASIS**

23. The discriminatory violations described in the Complaint are not an exclusive list of the Defendant's ADA violations.  Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating

the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, LAWRENCE FELTZIN, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

24. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

25. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by each Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their

businesses, located at and/or within the commercial property located at 1600 North Federal Highway Boynton Beach, Florida, 33435, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures the violations of the ADA.

      WHEREFORE, the Plaintiff, LAWRENCE FELTZIN, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date:  December 5, 2023

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 553-3464
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com;
jacosta@lawgmp.com

By: ___/s/ Anthony J. Perez_____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713